UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JASON MATTHIS                                CIVIL ACTION

VERSUS                                       NUMBER: 08-4049

BURL CAIN, WARDEN,                           SECTION: "B"(5)
LOUISIANA STATE PENITENTIARY

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Jason Matthis, the State's response thereto, petitioner's motion to stay, and the State's opposition to that motion. (Rec. docs. 1, 8, 20, 19). For the reasons that follow, it is recommended that Matthis' habeas petition be dismissed with prejudice and that his motion to stay be denied.

Petitioner Matthis is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola,

Louisiana.  On September 22, 1999, Matthis was convicted of second degree murder following a bench trial in the Criminal District Court for the Parish of Orleans, State of Louisiana.  On October 5, 1999, Matthis was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence.  Matthis' conviction and sentence were affirmed on direct appeal to the Louisiana Fourth Circuit Court of Appeal on November 29, 2000, State v. Matthis, 775 So.2d 558 (La. App. 4th Cir. 2000), and writs were denied by the Louisiana Supreme Court on November 9, 2001.  State v. Matthis, 801 So.2d 358 (La. 2001).  Matthis' conviction became final ninety days later, or February 8, 2002, when the time for seeking a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made.  See U.S. Sup. Ct. R. 13(1); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003).

On November 8, 2002, some two hundred seventy-two days after his conviction had become final, Matthis, through retained counsel, filed a post-conviction relief application ("PCRA") in the state trial court.[1]  In due course, an evidentiary hearing on the PCRA

---

[1] The copies of the PCRA contained within the state court record submitted by the respondent do not bear a file-stamp date or a date upon which the pleading was served. (St. ct. rec., vols. 4, 5).  However, in a "motion to set evidentiary hearing" that he served on the State on June 21, 2004, counsel represented that the PCRA had been filed in the state trial court on November 8, 2002. (St. ct. rec., vol. 1).

was held on July 21, 2006 and on November 8, 2006, the trial court granted the requested relief. (St. ct. rec., vol. 1). From that unfavorable ruling, the State sought writs from the Louisiana Fourth Circuit which affirmed the trial courts's decision on March 5, 2007. State v. Matthis, No. 2006-K-1555 (La. App. 4th Cir. March 5, 2007)(unpublished order). (St. ct. rec., vol. 4). The State then sought further review from the Louisiana Supreme Court which, on November 2, 2007, reversed the grant of post-conviction relief, reinstated Matthis' conviction and sentence, and denied his subsequent petition for rehearing on January 7, 2008. State v. Matthis, 970 So.2d 505 (La. 2007). On July 28, 2008, two hundred two days later, Matthis' counsel filed the habeas petition that is presently before the Court. (Rec. doc. 1, p. 1).

Matthis is now before the Court seeking federal habeas relief, asserting essentially the same clams he had presented in his PCRA to the state trial court. (Rec. doc. 1). In its response, the State argues that Matthis' petition is untimely under 28 U.S.C. §2244(d) and that is should be dismissed as such. (Rec. doc. 8). Also before the Court is Matthis' motion to stay and to hold this matter in abeyance pending the resolution of a second PCRA that he recently filed in the trial court on April 22, 2009 on the basis of newly discovered evidence. (Rec. doc. 20). The motion to stay is opposed by the State. (Rec. doc. 19).

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Matthis have one year from the date that their convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, subsequent to the date that his conviction became final on February 8, 2002, Matthis had no challenges to his conviction pending before the state courts until he filed his first PCRA on November 8, 2002. By that time, two hundred seventy-two days of the one year allowed by §2244(d) had already passed. Matthis' PCRA and the appeals from it remained pending before the state courts until no later than January 7, 2008 when the Louisiana Supreme Court denied Matthis' petition for rehearing following its decision of November 2, 2007 reinstating his conviction and sentence. At that point, the §2244(d) limitation period undoubtedly began running again and had

4

expired by the time that Matthis filed his federal habeas petition on July 28, 2008. The fact that Matthis apparently filed a second PCRA on April 22, 2009 is of no moment here because the §2244(d) limitation period had by that time already expired. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999)(an expired limitation period cannot be revived by filing a state habeas petition). The claims set forth in the petition that is presently before the Court have prescribed and should be dismissed as untimely under §2244(d).

As noted earlier, also before the Court is Matthis' motion to stay wherein he asks that the above-captioned matter be stayed pending the resolution of his second PCRA by the state courts. (Rec. doc. 20). Petitioner asserts that the pending PCRA contains a presently unexhausted claim in the nature of "newly discovered evidence" which casts doubt on the sufficiency of the proof used to convict him. The "newly discovered evidence" to which Matthis refers consists of recently-executed affidavits from two trial witnesses, Charles Melancon and Holly Smith, in which they appear to be recanting their trial testimony and respectively attest that they were promised favors by the prosecutor and were discouraged from talking to Matthis' counsel prior to trial. (Rec. doc. 20-3, pp. 20, 21). Attached to Matthis' motion to stay is a copy of the PCRA that is purportedly pending before the trial court. (Rec. doc. 20-3). In it, under the rubric of his claim of newly discovered

evidence, Matthis alleges that the prosecutor both violated the precepts of Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763 (1972) and knowingly relied on the perjured and embellished testimony of Charles Melancon to obtain a conviction. (Id. at pp. 1-6). Further supporting Matthis' motion to stay are the results of a lie detector test recently administered to him. (Id. at pp. 22-23). By way of a supplemental memorandum, Matthis has additionally provided the Court with lie detector test results from Melancon and Smith and a supplement to his PCRA incorporating those results. (Rec. doc. 23-4). For its part, the State opposes Matthis' request for a stay, arguing that the claims currently pending before the Court are time-barred and that any presently unexhausted claims should be litigated independently of this matter. (Rec. doc. 19).

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), the United States Supreme Court held that, in some circumstances, it is appropriate for a federal district court to stay a habeas corpus proceeding in which a petitioner has filed a "mixed petition" containing both exhausted and unexhausted claims in order to allow the petitioner to litigate his unexhausted claims in state court and then return to federal court to obtain review of his perfected petition. "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's

failure to exhaust his claims first in state court" and "... the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Rhines, 544 U.S. at 277, 125 S.Ct. at 1535. "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278, 125 S.Ct. at 1535.

Having carefully weighed the Rhines factors, the Court does not believe that a stay of this matter is appropriate. First, the petition that is presently before the Court is not a "mixed" one containing both exhausted and unexhausted claims; rather, it contains claims that have already been duly considered and rejected by the Louisiana Supreme Court. Second, unlike the petitioner in Wallace v. Cain, 2009 WL 270253 (E.D. La. Jan. 9, 2009), Matthis' habeas petition was not filed in a timely fashion. Third, the Court notes that Melancon and Smith testified for both the State and the defense at Matthis' trial and both sides were afforded wide latitude in testing the witnesses' recollection of the events and their motives for testifying the way that they did. The motion to stay does not establish cause, good or otherwise, why Matthis was

7

unable to obtain the witnesses' affidavits sooner.  Fourth, while the Court expresses no opinion as to whether petitioner will ultimately be entitled to post-conviction relief by the state courts, recanting affidavits like the ones relied upon by him are viewed by the Fifth Circuit with extreme suspicion, Spence v. Johnson, 80 F.3d 989, 1003 (5th Cir.), cert. denied, 519 U.S. 1012, 117 S.Ct. 519 (1996), because "... the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus."  Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 759 (1963).  See also Shaver v. Ellis, 255 F.2d 509, 511 (5th Cir. 1958)(even the confession by another person does not render a conviction void and subject to collateral attack via habeas corpus).

In short, the habeas claims that are presently before the Court are untimely, a fact that Matthis has not challenged by filing a traverse to the State's response despite being afforded an opportunity to do so.  In light of the nature and quality of the claims that were recently discovered by Matthis and which form the basis of his pending, second PCRA, the Court believes that those claims should be litigated independently of the above-captioned matter.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Matthis'

habeas petition be dismissed with prejudice and that his motion to stay be denied.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  26th  day of      May      , 2009.

                                                                                                      *Alma L. Chasez*
                                                         UNITED STATES MAGISTRATE JUDGE