UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA


**JASON MATTHIS**                                              **CIVIL ACTION**

**VERSUS**                                                     **NO. 08-4049**

**BURL CAIN, WARDEN,**                                         **SECTION: "B"(5)**
**LOUISIANA STATE PENITENTIARY**


                              <u>**ORDER AND REASONS**</u>

    Before the court is Petitioner Jason Matthis' objections to the May 27, 2009 Report and Recommendation of United States Magistrate Judge Alma Chasez, who recommended that the petition of Mr. Matthis 28 U.S.C. § 2254 habeas claims be dismissed with prejudice as untimely. (Rec. Doc. No. 30).  For the following reasons, petitioner's objections are overruled and the Magistrate Judge's Report and Recommendation are adopted as the opinion of the court.

**<u>Facts of Case</u>:**

    On September 22, 1999, Jason Matthis (hereinafter "Petitioner") was convicted of second-degree murder in Orleans Parish and was sentenced to life in prison without benefit of parole, probation, or suspension of sentence.  The Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction and sentence on November 29, 2000.  *State v. Matthis*, 775 So.2d 558

                                       1

(La. App. 4th Cir. 2000). On November 9, 2001, the Louisiana Supreme Court denied petitioner's application for writ of certiorari. *State v. Matthis*, 801 So.2d 358 (La. 2001). Petitioner's conviction became final on February 8, 2002. On November 8, 2002, petitioner filed his first post-conviction relief application. The trial court granted petitioner's post-conviction relief application and following an evidentiary hearing, the trial court granted relief and ordered a new trial on November 8, 2006. (St. ct. rec., vol 1). In response to the trial court's ruling, the state sought supervisory review in the Louisiana Fourth Circuit Court of Appeals, which denied its application, and affirmed the trial court's decision in favor of petitioner's PCRA. *Id* at 801 So. 2d 358. The state then sought review from the Louisiana Supreme Court, which reversed the lower court's grant of petitioner's post-conviction relief, and reinstated petitioner's conviction and sentence on November 2, 2007. *State v. Matthis*, 970 So.2d 505 (La. 2007). Petitioner, thereafter filed a petition for rehearing, which was denied by the Louisiana Supreme Court on January 7, 2008. On July 28, 2008, petitioner filed his habeas corpus petition. (Rec. doc. 1, p. 1).

**Law and Argument:**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA requires a petitioner to bring his application for a writ of habeas corpus within one year

2

of the date his conviction became final. 28 U.S.C. § 2244(d)(1). However, the AEDPA's one-year limitation period is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2254(d)(2). Additionally, a petitioner has ninety days to file a writ of certiorari in the United States Supreme Court after a decision is rendered by the state's highest court. U.S. Sup. Ct. 13(1); *See also Robert v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

The Louisiana Supreme Court denied Petitioner's writ application on November 9, 2001. *See Matthis* 801 So. 2d 358. Petitioner's time for seeking further review expired when he did not file any further review petition. Therefore, petitioner's conviction became final and the AEDPA's one-year limitations period for seeking federal habeas relief began to run on February 8, 2002.(Rec. Doc. 26 at 2).

Petitioner argues that his conviction was no longer final for AEDPA purposes when he was granted a new trial on November 8, 2006, by the state. Specifically, petitioner asserts that the running of the AEDPA limitation should have been restarted when he was granted a new trial and was out on bond. (Rec. Doc. 30 at 6).

However, the Fifth Circuit held that a federal court is not obligated to restart the running of AEDPA's limitation period.

3

*Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004). In *Salinas*, the United States Fifth Circuit ruled that the AEDPA's one-year limitation period does not restart when a petitioner acquires the right to file an out-of-time appeal. *Id* at 430. The right to file an out-of-time appeal merely tolls the statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief. *Id*. The same should apply here.

In terms of the AEDPA and 28 U.S.C. §2244, the petitioner's one-year limitation period began to run on February 8, 2002. (Rec. Doc. 26). Petitioner's limitations period ran uninterrupted for two hundred seventy-two days, until November 8, 2002, when the petitioner timely filed his first post-conviction relief application (PCRA). (Rec. Doc. 30 at 2). The Louisiana Supreme Court denied petitioner's PCRA rehearing, on January 7, 2008. (Rec. Doc. No. 26). Between November 8, 2002 and January 7, 2008, petitioner's PCRA remained pending in state courts, thus tolling his one-year statute of limitation period pursuant to §2244(d)(2). Petitioner's §2244(d) limitation period began to run again on January 7, 2008, in which petitioner only had 93 days remaining under the AEDPA limitations period. It was not until July 28, 2008, two hundred and two days later, did petitioner file his federal habeas petition. (Rec. doc. 1 at 1). The 272 days prior to the first PCRA filing, when combined with the 202 days until the habeas petition was filed far exceeds the AEDPA's one-year statute

4

of limitations. That excessive period of time is fatal to petitioner's claim.

Accordingly, the instant § 2254 habeas application is hereby **DISMISSED WITH PREJUDICE** as untimely.

New Orleans, Louisiana, this 30th day of June, 2009.

*[signature]*
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE